NOVEMBER 1, 1951

**No. 55970.**—J. E. Bernard & Company, Inc. v. United States, protest 160722–K/2895.—

Motion of Government for rehearing denied.

OCTOBER 29, 1951

**No. 55971.**—SUIT 4689.—United States v. Walter Strassburger & Co., Inc., et al.———————————————————————C. D. 1326. (Appeal dismissed October 4, 1951.)

BEFORE THE SECOND DIVISION, NOVEMBER 5, 1951

**No. 55972.**—Majestic Shipping & Forwarding Co. v. United States, petition 6805–R (New York).

Opinion by FORD, J. The import manager of the petitioner testified that prior to making entry, he submitted the invoice to the appraiser for information as to the proper dutiable value and that in filing the original entry, petitioner entered on the basis as returned to it by the appraiser on the submission sheet. After the original entry was filed, petitioner was advised by the appraiser to amend certain items in the entry. It appeared from the official papers that the appraisement of the merchandise was completed prior to the payment of the additional duties incurred by reason of the amended entry. Upon the record presented it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 55973.**—Majestic Shipping & Forwarding Co. v. United States, petition 6809–R (New York).

Opinion by FORD, J. The import manager of the petitioner testified that prior to the preparation of the entry, he submitted the invoice to the appraiser for information as to the proper value and that after the original entry had been filed, he was notified by the appraiser that the factory price of the merchandise had been advanced. The entry was amended in accordance with the exact values on the various items that he had received from the appraiser, but prior to the filing of the amended entry, both the invoice and the merchandise had come under the observation of the appraiser for the purpose of appraisement. Upon the record presented it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.